Mark Lee POLLOCK, Plaintiff–
Appellant,

v.

John W. POTTER, United States Dis-
trict Judge; Peter M. Handwork,
Judge County Court of Appeals, De-
fendants–Appellees.

No. 00–4212.

United States Court of Appeals,
Sixth Circuit.

Dec. 14, 2001.

Before KENNEDY, MOORE, and
COLE, Circuit Judges.

*ORDER*

Mark Lee Pollock, an inmate incarcerat-
ed at the Warren Correctional Institute in
Lebanon, Ohio, appeals a district court
judgment dismissing his civil rights action
filed pursuant to 42 U.S.C. § 1983. This
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Pollock filed this action in the Lucas
County Court of Common Pleas against
United States District Judge John W. Pot-
ter and Lucas County Court of Appeals
Judge Peter M. Handwork. The com-
plaint alleges that Pollock was convicted of
aggravated robbery in 1991. Pollock as-
serts generally that the defendants have
conspired to violate his rights. In particu-
lar, he asserts that Judge Handwork erred
in affirming Pollock's conviction, and that
Judge Potter has erroneously denied re-
peated petitions for habeas corpus filed by
Pollock. The action was removed to the
United States District Court for the
Northern District of Ohio. The defendants
filed a motion to dismiss pursuant to Fed.
R.Civ.P. 12(b)(6). The district court
granted the motion to dismiss after con-
cluding that the defendants were immune
from liability. Reconsideration was denied
in a marginal entry order. Pollock has
failed a timely appeal, asserting that the
matter was improperly removed from state
to federal court, and that the district court
erred in granting the defendants' motion
to dismiss.

Upon de novo review, we conclude that
the case was removable to federal court
and was timely removed. *See* 28 U.S.C.
§§ 1442(a)(3), 1446(b). Moreover, after
construing the complaint in the light most
favorable to Pollock, we conclude that Pol-
lock could prove no set of facts in support
of his claims that would entitle him to
relief. *See Sistrunk v. City of Strongs-
ville,* 99 F.3d 194, 197 (6th Cir.1996). The
defendants are absolutely immune from
suit for monetary damages for the actions
complained of, which were taken within
the scope of their official duties. *See Pier-
son v. Ray,* 386 U.S. 547, 553–54, 87 S.Ct.
1213, 18 L.Ed.2d 288 (1967); *Johnson v.
Turner,* 125 F.3d 324, 333 (6th Cir.1997).

In addition, equitable relief is not war-
ranted under the circumstances of this
case. Pollock did not appeal from the
denial of his first federal habeas corpus
petition. He cannot use a § 1983 request
for injunctive relief as a substitute for the
appeal which he failed to take from the
denial of that first federal habeas corpus
petition. *See Heck v. Humphrey,* 512 U.S.
477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d
383 (1994) (federal habeas corpus relief

must be granted first before a § 1983 suit can be used to attack a conviction).

Accordingly, the district court's judgment is affirmed. Rules of the Sixth Circuit.